CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2006

JOHN F. CORCORAN, CLERK
BY: J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY M. SCALES, )<br>Plaintiff, ) | Civil Action No. 7:06cv00625 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JEFF LINEN, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Anthony M. Scales, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Scales seeks proper medical attention, reimbursement of the money he has spent on medicine, and "some sort of settlement for the pain." The court finds that Scales has failed to state a claim upon which the court may grant relief; and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

Scales alleges that he has been in pain since July 10, 2006 due to swelling in his legs from the knees down. He claims that he can hardly walk at times as a result of the swelling. Scales also avers that he has "begged and pleaded [his] medical issue" to defendant Salyer, but has gotten "no relief at all." Despite this allegation, Scales concedes that he has been taking doctor-prescribed medication for his leg swelling and pain. After filing his initial complaint, Scales was given the opportunity to amend his claims to particularize the facts of his claims and the conduct of each named defendant; however, even after being granted an extension of time to respond, Scales failed to amend his complaint.

### II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff

has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Despite being given the opportunity to amend his complaint to particularize the facts concerning the conduct of each defendant that violated his rights, Scales fails to make any allegation of fact against defendants Jeff Linen and Jack Weisenburger. Accordingly, the court finds that Scales cannot maintain his claims against defendants Linen and Weisenberger.

### III.

The only remaining defendant is Michael Salyer who is the Medical Supervisor for the Bristol Virginia Sheriff's Office. To the extent that the Scales is alleging a claim based upon the doctrine of respondeat superior against defendant Salyer, it fails. A claim of supervisory liability related to a medical treatment claim is not appropriate absent an allegation that the supervisor was personally connected to the treatment received. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). This entails a showing that the supervisor failed to promptly provide an inmate with needed medical care, deliberately interfered with a prison physician's performance, and/or tacitly authorized or was indifferent to a prison physician's constitutional violation. Miltier, 896 F.2d at 854. Moreover, supervisory officials are entitled to rely on medical judgments made by prison physicians. Id. at 854-55. Scales does not allege that Salyer has interfered with his receipt of medical treatment, rather, Scales concedes that he has received treatment through prescription medication. Further, the grievances submitted by Scales indicate, and Scales does not contest, that the jail physician is aware of his condition and its progress and that more than one course of treatment has been given to Scales. As Scales has failed to allege any specific facts demonstrating Salyer was personally involved in the

2

medical care Scales received, Salyer cannot be liable under the doctrine of respondeat superior.[1]

IV.

For the reasons stated herein, the court dismisses Scales' suit pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This 14th day of December, 2006.

United States District Judge

---

[1] Even if Scales could show that Salyer was personally involved in his treatment, he nevertheless fails to state a claim. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

In this case, Scales concedes that he has been receiving treatment from the jail physician and grievances indicate that more than one course of treatment has been tried on Scales' condition. Accordingly, though Scales may desire different treatment, the court finds his claims amount to nothing more than a patient-doctor disagreement regarding diagnosis and proper course of treatment, which is not actionable under the Eighth Amendment.

3